## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF VIRGINIA
*Big Stone Gap Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:05cr00025 |
| DONNA KAY BATES, et al., ) | **MEMORANDUM ORDER** |
| Defendants ) | |

This matter is before the undersigned on the Motion for Separate Trials filed on behalf of the defendant, Donna Kay Bates, (Docket Item No. 41), ("the Motion"). The undersigned heard argument on the Motion on January 13, 2006. Subsequent to this hearing, the government filed unredacted and redacted copies of two statements of the defendant, Rebecca Lee Conyer, which the government intends to introduce into evidence at the trial of this matter. One of these statements is a report of an August 17, 2004, interview between Conyer and investigators; the other statement is a transcript of Conyer's October 5, 2004, grand jury testimony. The undersigned has reviewed both the unredacted and redacted statements.

The defendants are charged with conspiracy to commit fraud and fraud upon the federally funded Medicaid healthcare system and mail fraud in violation of 18 U.S.C. §§ 1341, 1347 and 1349 through their work with Homestead Foundational Services, ("HFS"), a home healthcare provider.[1] The Indictment alleges that the defendants conspired to fraudulently bill and fraudulently billed the Virginia Department of Medical Assistance Services, ("DMAS"), which administers the Medicaid program in Virginia, for services not performed and for services performed by unqualified

---

[1] In addition, Conyer faces a charge of money laundering in violation of 18 U.S.C. § 1957.

providers. The unredacted versions of these statement clearly implicate Bates in these alleged offenses. That being the case, under the Supreme Court's ruling in *Bruton v. United States*, 391 U.S. 123, 135-36 (1968), the Confrontation Clause of the Sixth Amendment would be violated and severance of the defendants for trial would be required, if the government desires to offer the unredacted versions of these statements into evidence.

As stated above, the government also has produced redacted versions of these statements. Statements redacted to remove the defendant's name, however, also can require severance "if ... it is clear that a particular defendant is implicated" despite the redaction. *United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999). In *Richardson v. Marsh,* 481 U.S. 200, 208-09 (1987), however, the Supreme Court held that there is no Sixth Amendment violation, and severance is not required, where statements are not "facially incriminating," but rather become incriminating only when linked to other evidence. Thus, the issue before the undersigned is whether the redacted versions of these statements contain statements regarding Bates which are "facially incriminating" or whether they contain statements which become incriminating only when linked to other evidence.

The redacted version of the report of Conyer's August 17, 2004, interview with investigators still contains a section which mentions Bates by name. That section includes the statement: "Donna Bates is the person who handled the billing at HFS." The same is true of the redacted version of Conyer's October 5, 2004, grand jury testimony. The redacted version of Conyer's grand jury testimony offered by the government still contains a portion of testimony where Conyer identified Bates as the person who performed "Medicaid billing" at HFS.

I find that Conyer's statements that Bates performed the billing at HFS, taken alone, are "facially incriminatory" in that they implicate Bates in the offenses charged: conspiracy to fraudulently bill Medicaid and fraudulently billing Medicaid. *See United States v. Campbell*, 935 F.2d 39, 43 (4th Cir. 1991) (citations omitted) ("Bruton stands for the proposition that an accused's [S]ixth [A]mendment right of confrontation is violated when a non-testifying co-defendant's statement which inculpates the accused is admitted into evidence at their joint trial. ... The codefendant's statement is inculpatory if it could be fairly understood to incriminate the accused."), *cert. denied,* 502 U.S. 929 (1991). This conclusion is reinforced when these statements are read in the context of Conyer's statements in their entirety. In particular, the August 17, 2004, statement to investigators includes Conyer's admission that HFS billed DMAS for the services of personal care aides who were not properly trained. Conyer's October 5, 2004, grand jury testimony also includes admissions that HFS billed DMAS for the services of personal care aides who were not properly trained.

Thus, I find that these tendered redacted statements of the co-defendant, Conyers, are incriminatory against Bates on their face. I further find that the admission into evidence of these statements in a joint trial would violate Bates's rights under the Confrontation Clause of the Sixth Amendment. Since the government has represented to the court that it wishes to introduce these statements at trial against Conyers, I will **GRANT** the Motion and **ORDER** that the charges contained in this Indictment against Bates be severed for separate trial.

It is further **ORDERED** that the trial of Conyers shall proceed as scheduled on March 20-24, 2006. Counsel for the government and Bates shall contact Deputy Clerk

Allison Cook by no later than February 13, 2006, to reschedule the charges against Bates for trial. Should counsel fail to contact the Clerk's Office as ordered, the Clerk's Office is directed to set the charges against Bates for separate trial at the court's convenience.

It is further **ORDERED** that the redacted and unredacted statements of Conyers tendered for the court's review on this Motion shall be filed under seal.

ENTER: February 8, 2005.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE